IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-154-BO

RONALD MCKOY,                                )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )         ORDER
                                             )
CITY OF RALEIGH, RALEIGH POLICE              )
DEPARTMENT, and TANNER C. GOSS,              )
                                             )
                                             )
            Defendants.                      )

This cause comes before the Court on motions to dismiss by defendants pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling. Plaintiff has also filed motions for hearing and to extend time to make service, which are also ripe for disposition.

BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint against the City of Raleigh and the Raleigh Police Department on March 7, 2024. [DE 1]. The City of Raleigh and the Raleigh Police Department moved to dismiss the complaint. [DE 9]. Thereafter, plaintiff filed an amended complaint. [DE 12]. Plaintiff's amended complaint identifies the City of Raleigh as the defendant in the caption of the complaint, and further lists Karen McDonald, City Attorney; Hunt K. Choi, Deputy City Attorney; and Officer Tanner C. Goss as defendants in the body of the complaint. The Raleigh Police Department, City of Raleigh, and Tanner C. Goss in his official

capacity moved to dismiss the amended complaint. [DE 15]. Plaintiff was notified of his right to respond and filed a response. [DE 19]. Tanner Goss, in his individual capacity, moved to dismiss the complaint [DE 25] and plaintiff, after being notified of his right to respond, filed a response. [DE 31]. Plaintiff has filed two motions for hearing, [DE 28; DE 35], which defendant Goss has opposed. [DE 32; DE 36]. Plaintiff also seeks an extension of time to effect service on Karen McDonald. [DE 33].

The factual allegations in plaintiff's amended complaint are as follows. On May 16, 2023, plaintiff was driving a U-Haul rental truck on Capital Boulevard in Raleigh, North Carolina. Tanner Goss, an officer with the Raleigh Police Department, stopped plaintiff for driving with an unsecured load. Plaintiff provided his driver's license and the rental paperwork to Goss. Goss returned to his police vehicle and "began to profile [plaintiff's] driving and criminal record." Amd. Compl. at 3. After about twenty-five minutes, another Raleigh Police vehicle arrived at the scene. Goss conversed with another Raleigh Police Officer for about fifteen minutes and then returned to plaintiff's vehicle. Goss informed plaintiff that there was a warrant for his arrest arising from a traffic citation in Lenoir County in 1988.

Plaintiff was arrested and alleges that during the arrest his arms were pinned back and his shoulders were aggressively hyperextended. Plaintiff was never informed of his *Miranda* rights. On the date of his arrest, plaintiff was sixty-four years old. Plaintiff informed Goss and the other officer that he was a disabled United States Marine Corps veteran with no criminal record and the officers laughed. All criminal charges against plaintiff were subsequently dismissed by the Wake County District Attorney's Office.

Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated and cites to 42 U.S.C. § 1983. He further appears to allege state law claims for illegal search and seizure,

2

wrongful arrest, racial profiling, and defamation of character. Plaintiff seeks $750,000 in compensatory damages and $1,500,000 in punitive damages.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint

3

must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

At the outset, because plaintiff has filed an amended complaint, the motion to dismiss the original complaint is denied as moot. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Additionally, plaintiff has filed two motions seeking a hearing. A hearing would not aid the Court in reaching its decision, and the motions for hearing are denied. *See* Local Civil Rule 7.1(j).

The Raleigh Police Department is not a named defendant in the caption of the amended complaint. [DE 12]. However, each of plaintiff's oppositions to the motions to dismiss list the following defendants in the caption: City of Raleigh, Officer Tanner Goss, and Raleigh Police Department. To the extent that it remains a party to this action, the Raleigh Police Department is not an entity capable of being sued, and it is appropriately dismissed. *Smith v. Munday*, 848 F.3d 248, 256 (4th Cir. 2017) ("Under North Carolina law, police departments cannot be sued as entities.").

The Court notes that the precise nature of the claims alleged and against whom the claims are alleged is not easily discernable from the complaint. For example, plaintiff cites to § 1983 in the beginning of his complaint, but fails to clarify in any other section of the pleading that he brings claims under federal as well as state law. The Court, as it must, construes plaintiff's allegations liberally and thus addresses, where appropriate, claims raised under both state and federal law.

The § 1983 claims against the City of Raleigh are dismissed. Under 42 U.S.C. § 1983, a municipality may be liable for its policies and customs which result in the deprivation of civil rights under *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978). But plaintiff has failed to allege any policy or custom for which the City of Raleigh could be held liable. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Additionally, municipal liability under *Monell* is not available under the theory of respondeat superior, so to hold the City liable its employees must have taken "constitutionally offensive acts in furtherance of municipal policy or custom." *Burgess v. Goldstein*, 997 F.3d 541, 562 (4th Cir. 2021) (citing *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)). As plaintiff has not alleged the existence of any policy or custom which resulted in the deprivation of his civil rights, the § 1983 claims against the City of Raleigh are dismissed.

The state law claims against the City are barred by governmental immunity. Governmental immunity provides a complete defense that "shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages." *Craig ex rel. Craig*, 678 S.E.2d 351, 354 (N.C. 2009). This immunity exists when the government is performing governmental functions, such as providing police services. *Arrington v. Martinez*, 716 S.E.2d 410, 414 (N.C App. 2011). North Carolina state courts have not resolved whether governmental immunity provides a bar to suit on subject matter jurisdiction or personal jurisdiction grounds. *Yarbrough v. East Wake First Charter*

*Sch.*, 108 F. Supp. 3d 331, 336 (E.D.N.C. 2015). To demonstrate appropriate jurisdiction, the plaintiff must plead waiver of governmental immunity and show the basis for such waiver. *M Series Rebuild, LLC v. Town of Mount Pleasant, Inc.*, 730 S.E.2d 254, 257 (N.C. App. 2012).

The amended complaint does not plead a waiver of governmental immunity. Nor has plaintiff demonstrated that governmental immunity would not apply to any of his state law claims. *See, e.g., Anderson v. Caldwell Cnty. Sheriff's Off.*, 524 F. App'x 854, 863 (4th Cir. 2013) (claim for false arrest barred by governmental immunity); *Kline v. Cleveland Cnty.*, No. 1:19-CV-197-MOC-WCM, 2020 WL 7264463, at *3 (W.D.N.C. Dec. 10, 2020) (defamation claim barred by governmental immunity). Any state law claims alleged against the City of Raleigh are dismissed.

To the extent that plaintiff has alleged claims against Officer Goss in his official capacity, those claims are also dismissed. Where a defendant has been named in his official capacity for claims under § 1983, those claims are "treated as a suit against the entity." *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016). The same is true for plaintiff's state common law claims. "Governmental immunity protects not only the county, but also its officers and employees when they are sued in their official capacities." *Childs v. Johnson*, 155 N.C. App. 381, 386 (2002). Accordingly, any claims against Officer Goss in his official capacity are duplicative of the claims against the City and are dismissed.

The motion to dismiss the amended complaint by the City of Raleigh, Raleigh Police Department, and Officer Goss in his official capacity is granted. Officer Goss also moves to dismiss the claims against him in his individual capacity for failure to state a claim upon which relief can be granted.

Plaintiff alleges a claim for wrongful arrest. Plaintiff has alleged that Officer Goss arrested him pursuant to an arrest warrant, but also specifically alleges that there was not an active warrant

at the time of his arrest. Amd. Compl. at 3. The existence of a valid arrest warrant would defeat any state law wrongful arrest claim, *see Myrick v. Cooley*, 91 N.C. App. 209, 212 (1988) ("A false arrest, i.e., one without proper legal authority, is one means of committing a false imprisonment."), as well as a § 1983 wrongful arrest claim. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a public official cannot be charged with false arrest when he arrests a [person] pursuant to a facially valid warrant."); *see also McPhearson v. Anderson*, 874 F. Supp. 2d 573, 580 (E.D. Va. 2012). But taking plaintiff's allegation as true, there was *not* an active warrant for plaintiff's arrest at the time Officer Goss arrested him. The motion to dismiss the wrongful arrest claim is denied.

Plaintiff also appears to allege a claim for excessive force. Plaintiff describes his shoulders being aggressively hyperextended while he was arrested. Mindful that the Court must construe plaintiff's claims liberally, the Court finds that plaintiff has plausibly alleged a Fourth Amendment excessive force claim. *See, e.g., Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015). Officer Goss did not move to dismiss a claim for excessive force. However, plaintiff's allegations in support of this claim are minimal. Accordingly, the Court will permit plaintiff an opportunity to amend his amended complaint to provide additional factual support for this claim.

Plaintiff's illegal search and seizure claim fails to state a claim. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. Amend. IV; *see also State v. Carter*, 322 N.C. 709, 712 (1988). Plaintiff alleges that Officer Goss stopped plaintiff's vehicle for having an unsecured load, which is a violation of North Carolina law that Officer Goss was authorized to enforce. *See* N.C. Gen. Stat. §§ 20-116(g)(1); 20-183(a). Plaintiff does not allege that his U-Haul did not have an unsecured load. Plaintiff's allegations fail to plausibly allege that Officer Goss' traffic stop was unreasonable.

7

Plaintiff further alleges that Officer Goss seized plaintiff's driver's license and took it back to the patrol vehicle when Officer Goss could not find anything for which to arrest plaintiff. Plaintiff has not plausibly alleged that taking a driver's license from the driver of a stopped vehicle back to a patrol car amounts to an illegal seizure under either the Fourth Amendment or North Carolina law. *See Atkinson v. Godfrey*, 100 F.4th 498, 505 n.6 (4th Cir. 2024) (seizure of property means "some meaningful interference with an individual's possessory interests in that property."); *see also United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) (pursuant to traffic stop police can request driver's license and run computer check).

Plaintiff appears to allege a claim for "racial profiling." There is no federal claim for "racial profiling," though the Fourth Circuit has recognized such claims as alleging a violation of the Fourteenth Amendment's Equal Protection Clause. *Hodge v. Gansler*, 547 F. App'x 209, 210 n.1 (4th Cir. 2013). The Equal Protection Clause "requires that similarly-situated individuals be treated alike." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Plaintiff has not alleged that he was treated differently from any similarly-situated person, nor has he argued that North Carolina law would provide him any relief for such a claim. This claim is conclusory and appropriately dismissed.

Finally, plaintiff has failed to plausibly allege a defamation claim against Officer Goss. Under North Carolina law, a plaintiff alleging defamation must generally show "'that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person.'" *Desmond v. News & Observer Publ'g Co.*, 375 N.C. 21, 41 (2020) (citation omitted). Plaintiff alleges that "False statements that Defendant said and written that caused mental and emotional stress, distress and harm to Plaintiff['s] reputation." Amd. Compl. at 2. Plaintiff's allegations in support of his defamation claim are

8

conclusory. Moreover, any statements by Goss that were allegedly defamatory would be protected by a qualified privilege. "[C]ertainly a police officer has an interest in undertaking an investigation into allegations of criminal conduct and in engaging in good faith communications with" others involved in the prosecution of an alleged crime. *Averitt v. Rozier*, 119 N.C. App. 216, 219 (1995) (discussing elements of qualified privilege). Plaintiff has not alleged that Officer Goss was acting in bad faith or with actual malice when investigating and arresting plaintiff. *Id*. Plaintiff has failed to state a defamation claim. The motion to dismiss the claims against Officer Goss in his individual capacity is therefore granted in part and denied in part.

Plaintiff seeks an extension of time "to serve for proof of service" of Karen McDonald, the City Attorney for the City of Raleigh. [DE 33]. Fed. R. Civ. P. 10(a) requires that the title of the complaint contain the names of all parties. Plaintiff's amended complaint caption names only the City of Raleigh as a defendant. The body of the amended complaint lists Karen McDonald, Hunt Choi, and Tanner Goss as defendants. [DE 12]. As noted above, plaintiff's oppositions to the motions to dismiss include the City of Raleigh, Officer Goss, and the Raleigh Police Department in the captions. [DE 19; DE 31; DE 34]. A fair reading of the amended complaint supports that Officer Goss is a named defendant in addition to the City of Raleigh. However, no claims have been alleged against Karen McDonald or Hunt Choi, Deputy City Attorney.

It is unclear whether plaintiff has served or is attempting to serve McDonald or Choi in an effort to effectively serve the City of Raleigh or the Raleigh Police Department or whether he intends to name McDonald and Choi as defendants. The City of Raleigh and the Raleigh Police Department have appeared in this action through counsel. As no allegations in the amended complaint identify McDonald or Choi, any attempt to effect service on them at this stage is unnecessary. To the extent plaintiff has named McDonald and Choi as defendants, any claims

9

against them are dismissed. *See, e.g., Stroupe v. Whisnant*, No. 1:22-cv-00088-MR, 2022 U.S. Dist. LEXIS 160930, at *5-6 (W.D.N.C. Sep. 6, 2022). The motion for extension of time to make service is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the first motion to dismiss by the City of Raleigh and Raleigh Police Department [DE 9] is DENIED AS MOOT; the motion to dismiss the claims in the amended complaint by the City of Raleigh, Raleigh Police Department, and Goss in his official capacity [DE 15] is GRANTED. The motion to dismiss by Goss in his individual capacity [DE 25] is GRANTED IN PART and DENIED IN PART. Plaintiff has through and including April 4, 2025, to file an amended complaint in accordance with the foregoing.

Plaintiff's motions for hearing [DE 28; DE 35] are DENIED, and plaintiff's motion for extension of time to make service [DE 33] is DENIED.

SO ORDERED, this **11** day of March 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE